**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | **:** | |
| ERIE INSURANCE EXCHANGE | **:** | |
| | **:** | |
| v. | **:** | Civil No. CCB-05-1796 |
| | **:** | |
| JOHNNA J. ALEXANDER and | **:** | |
| MERCURY NOEL ALEXANDER, a minor | **:** | |

**MEMORANDUM**

Now pending before the court is defendants' motion to dismiss or, in the alternative, to

stay the proceedings in this declaratory judgment action.  The issues have been fully briefed and

oral argument was heard December 1, 2005.  For the reasons that follow, the defendants' motion

will be granted and the action will be stayed, pending resolution of the case in Oklahoma state

court.

**BACKGROUND**

In this declaratory judgment action filed by Erie Insurance Exchange ("Erie"),

defendants, Johnna and Mercury Noel Alexander ("Noel"), have filed a motion to dismiss or, in

the alternative, to stay the proceedings, in light of the pending state court action addressing the

same underlying incident.  Erie asks the court to assert jurisdiction and issue a declaration of the

rights of the parties under the insurance contract as requested in its complaint and motion for

summary judgment.[1]  Erie's seeking of a declaration that defendants are not entitled to

underinsured motorists benefits under Erie's policy stems from an automobile accident in

---

[1] The defendants have not yet been required to file their opposition to the motion for
summary judgment.

Oklahoma and a dispute over which state's divergent policies regarding the "stacking" of policy

limits, Oklahoma's or Maryland's, will apply.  There is also a pending underlying suit in

Oklahoma state court, brought by Noel's father, David Alexander ("David"), and Noel, against

the driver of the vehicle for her negligence.(Def's Mot. to Dismiss, Ex. 2, Oklahoma Complaint.)

Erie is a defendant in this underlying suit as well.  The relevant facts of the underlying dispute

are summarized below.

Johnna J. Alexander ("Johnna"), a resident of Baltimore, and David, a resident of Oklahoma

City, are divorced and have joint custody of Noel, a minor child.  On July 16, 2004, Noel was riding

in a vehicle driven by her maternal grandmother, Roberta Martin ("Martin"), in Oklahoma, where

Martin was a resident.  Martin is alleged to have lost control of the car and, in any event, the car left

the road.  Martin was killed and Noel sustained serious injuries. (*Id*.)  David and Noel brought suit,

now pending in Oklahoma state court, against Martin for her negligence and named Erie, as well as

two other insurance companies, as defendants. (*Id*.) Subsequently, both Farmers Insurance Company

(Martin's policy) and USAA Casualty Insurance Company (David's policy) tendered the applicable

limits of their respective policies. (*See* Pl's Mot. for Summary Judgment, Ex. D, Farmers' Tender;

*Id*., Ex. E, USAA's Tender.)[2]  As a member of Johnna's household, Noel is also covered by the

policy issued by Erie, which has an underinsured motorist policy limit of $100,000.  The Erie policy

is a Maryland policy issued to Johnna, a Maryland resident. (Complaint, Ex. B, Erie Policy.)  Erie

---

[2] Both the Farmers and the USAA policies are Oklahoma policies. Farmers policy
provided liability limits of $30,000 and underinsured motorist limits of $30,000.  Farmers has
offered the limits of both coverages. It is unclear whether these amounts have been actually
tendered, but neither party raises the offered/tendered distinction as an issue.  David's household
actually had two applicable USAA underinsured policies for $25,000 each.  USAA tendered the
limits of both polices ($50,000). The total available to Noel through Farmers and USAA is thus
$110,000.

rejected Noel's claim, however, because the amounts available under Farmers' and USAA's policies ($110,000) exceed Erie's policy limits ($100,000) and Erie's policy contains "reduction" provisions which reduce the amount they will pay by the amount paid or payable by other insurance policies (*See id.*)[3]   Subsequent to the filing of the Oklahoma state court action, Erie filed this declaratory judgment action for a determination of its responsibilities under the policy.

Oklahoma allows "stacking" of liability and underinsured motorist policy limits. *Withrow v. Pickard*, 905 P.2d 800, 803-804 (Okl.1995).  Maryland law does not allow such "stacking." *See Rafferty v. Allstate Ins. Co.*, 492 A.2d 290, 295 (Md.1985); *Yarmuth v. Government Emp. Ins. Co.*, 407 A.2d 315, 319-320 (Md. 1979); *Aetna Cas. & Sur. Co. v. Souras*, 552 A.2d 908, 912 (Md. Ct. Spec. App.1989).  Erie asserts that Maryland law governs this insurance contract dispute involving a policy issued and delivered in Maryland. According to Erie, under Maryland law, "stacking" of limits would not be allowed and Erie would not owe defendants any coverage under the policy.  The assertion that Maryland law governs the dispute seems correct, *see American Motorists Ins. Co. v. ARTRA Group, Inc.*, 659 A.2d 1295, 1301, 1303-1305 (Md. 1995), and defendants do not appear to argue that Oklahoma law applies.  Rather, defendants simply argue that this court should abstain because the Oklahoma court is capable of, and is the appropriate forum for, resolving the dispute.[4]

---

[3] Specifically, the Erie policy contains a provision which states that "for damages to anyone we protect while occupying motor vehicle you do not own, we will pay the amount of the loss up to the applicable limits shown on the Declarations for one auto, less the amount paid or payable by other insurance."(Complaint, Ex. B, Erie Policy.)

[4] Erie does not specifically contend that Oklahoma law does not permit an insurance company to seek declaratory relief in an Oklahoma state court, but rather points to what it characterizes as the Oklahoma Supreme Court's approval of, or "contemplation" that, the insurer seeking determination of coverage could seek it in the forum where the insurance policy was issued. (*See* Pl.'s Opp. to Mot. to Dismiss at 11-12, citing *Bohannan v. Allstate Ins. Co.*, 820 P.2d 787, 797 (Okla. 1991).)  In response, defendants contend that Erie misreads *Bohannan* to the extent Erie believes the court would approve of the filing of a federal declaratory judgment

Erie, however, is concerned that the Oklahoma court, in considering applicable Maryland law, will

not apply that law faithfully in light of public policy concerns of the State of Oklahoma. (Pl.'s

Opp'n. to Mot. to Dismiss at 11.)

## ANALYSIS

Applying the Fourth Circuit's four factor test for determining whether to proceed with a

federal declaratory judgment action when a parallel state action is pending, *see Penn-America*

*Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004)(quoting *Nautilus Ins. Co. v. Winchester*

*Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994)), abstention is appropriate and this case will be

stayed during the pendency of the Oklahoma action.

## A.

The declaratory judgment act is an "enabling Act which confers a discretion on the courts

rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287

(1995).  Asserting jurisdiction in a declaratory judgment action is appropriate "when a judgment

will serve a useful purpose in clarifying and settling" the legal relations at issue and will "afford

relief from uncertainty," *Penn-America*, 368 F.3d at 412 (citing the *Quarles* test, *Aetna Cas. &*

*Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)).  The decision as to how to exercise the

court's discretion is further guided by a four factor test when a parallel state action is pending:

> (1) whether the state has a strong interest in having the issues decided in its
> courts; (2) whether the state courts could resolve the issues more efficiently than

---

action when there is already pending an existing Oklahoma court case in which such a claim for
relief could be made.  They point out that *Bohannan* was decided before Oklahoma law was
amended to permit an insurance company to seek declaratory relief in an Oklahoma state court.
As discussed below, recent amendments to Oklahoma law do seem to now permit such relief.
Regardless of whatever confusion there may have been on this point, what is relevant for our
purposes is that Erie may seek a resolution of the coverage dispute within the underlying
Oklahoma case.

the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

*Id*. at 412; *see also New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 297 (4th Cir. 2005). In applying each of these factors, courts have provided guidance as to what specific inquiries should be made.

## B.

The presence of some of the factors militating against an exercise of jurisdiction does not necessarily require abstention. *See Nautilus,* 15 F.3d at 378-379 (holding that neither the availability of another adequate remedy [a state forum], nor the fact that the case is based entirely on state law would preclude the federal court from taking the case). Application of the four *Nautilus* factors here, however, indicates that abstention would be the best course.

Under the first *Nautilus* factor, both states have an interest in having the dispute settled in their respective courts. The accident occurred in Oklahoma and involved one of its residents, Roberta Martin, and a child of one of its residents, Noel.[5] On the other hand, the insurance contract involved was issued in Maryland to Johnna, a Maryland resident, and the injured party covered by the policy, Noel, also resides in Maryland with Johnna. Presumably, Erie issued the policy with the expectation that interpretation of the contract would be governed by Maryland law. Accordingly, Maryland's interests are significant, but Oklahoma has legitimate interests as

---

[5] While the actual arrangement for physical custody of Noel is not clear, David Alexander did have joint custody with Johnna and Noel obviously spent some amount of time in Oklahoma. Oklahoma has a greater interest in an accident involving its residents than an accident occurring on its roads between non-residents who happened to be passing through the state.

well.[6]

Turning to the second and third *Nautilus* factors, it is relevant, while not dispositive, that

there are no issues of federal law involved.  *See New Wellington*, 416 F.3d at 298. Moreover, it is

important that Erie could seek a resolution of this coverage dispute in the Oklahoma courts,

within the context of the pending case. *See Penn-America*, 368 F.3d at 414.  There appears to be

no reason why the coverage issue could not be resolved in the Oklahoma action, which is

approaching its seventh month of pendency and was filed before this federal action.[7]  As to

whether Erie could in fact seek a declaratory judgment from the Oklahoma courts, Title 12. §

1651 of the Oklahoma Statutes provides:

> "District courts may, in cases of actual controversy, determine rights, status, or
> other legal relations, including but not limited to a determination of the
> construction or validity of any foreign judgment or decree, deed, contract, trust, or
> other instrument or agreement or of any statute, municipal ordinance, or other
> governmental regulation, whether or not other relief is or could be claimed,
> except that no declaration shall be made concerning liability or nonliability for
> damages on account of alleged tortious injuries to persons..."

12 Okl.St.Ann. § 1651.  In 2004, this statute was amended to remove language which barred

---

[6] Other considerations are also relevant to the first factor. While the fact that Maryland state law is implicated somewhat weakens any argument that Oklahoma has a strong interest in the resolution, it does not necessarily support an argument that this federal court, albeit situated in Maryland, has an overriding interest, as there is no federal law, nor any overriding federal interest present.  Moreover, the fact that the Maryland state law issues are not complex, close, or problematic, a factor typically indicating that federal courts should be less reluctant to exercise jurisdiction and decide the state law issues, also suggests that the Oklahoma courts should have no difficulty interpreting Maryland law. If the question is unlikely to turn on any novel question of law regardless of which court decides it, then this factor does not strongly favor either side. *See Hartford Cas. Ins. Co. v. Wugin*, 247 F.Supp.2d 723, 727 (D.Md. 2003).

[7] In the Oklahoma case, motions to dismiss and motions to stay have already been considered and ruled upon, the latest action being the court's August 26, 2005 denial of Erie's motion to stay that proceeding.  By contrast, in this case, motions to dismiss and for summary judgment are before the court, but no substantive motions have been ruled upon until now.

declaratory judgment actions "concerning obligations alleged to arise under policies of insurance covering liability or indemnity against liability for such injuries." 2004 Okla. Sess. Law Serv. Ch. 519.  Defendants assert that this amendment allows Erie to seek a declaratory judgment in the Oklahoma state courts.  Although it has not yet been litigated, it appears the defendants correctly interpret the effect of the amendment; at oral argument, Erie did not contest its ability to seek such a declaration.  In any event, it is not disputed that the Oklahoma court could resolve the coverage issue in the context of the current pending litigation.  *See St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995)(recognizing the pre-2004-amendment bar on such declaratory judgment actions but noting that the insurance coverage issue could still be resolved in underlying contract case).[8]

It should be noted that, as expressed in *Nautilus*, the fact that the question can be resolved in the alternative state forum is not alone sufficient justification for refusing jurisdiction.  *See Nautilus*, 15 F.3d at 377. Rather, whether the state forum would be more effective or efficient, as opposed to just available, is the relevant inquiry. *Id*. Here, there is reason to find that resolution in the state forum would be more efficient. There are no uniquely federal issues of law or policy involved, and all of the necessary facts and parties appear to be before–or could be brought before–the Oklahoma court.  In the pending Oklahoma action, David, and Noel as a minor, have

---

[8] Although Erie prefers the question to be before this court, it has also put the coverage dispute before the Oklahoma court.  Erie has raised, as an affirmative defense in the Oklahoma case, the dispute over whether Noel is entitled to any benefits under the policy.  Erie also asked the Oklahoma court to stay its proceedings while this court resolved the coverage issue.  The Oklahoma court, however, denied Erie's motion to stay the proceedings.  In light of that development, it appears that there can be, and the Oklahoma court is willing to provide, a "full ventilation of the same issues" involved here.  Moreover, as Erie itself points out, there appear to be no material factual disputes involved in the coverage issue which are exclusively before the federal court.

brought suit against Martin's estate and each of the three insurance companies.  The only

"missing" party in the state court action, Johnna, as the Erie policy holder, could be joined

should Erie seek a similar "coverage declaration" from the Oklahoma state courts.[9]  Here, in the

federal action however, neither David nor Martin's Estate are joined as parties, and claims are

present in the state court action that are not present here. This is not a case like *United Capitol*

*Ins. Co. v. Kapiloff,* 155 F.3d 488, 493-94 (4th Cir. 1998)(affirming district court's exercise of

jurisdiction), where all the claims in the underlying action have been brought as counterclaims in

the federal action.  Moreover, even if they were somehow joined as parties, David could not

bring all his claims from the Oklahoma suit as third-party claims here without destroying

diversity, as he and Martin are both Oklahoma citizens.  *See New Wellington*, 416 F.3d at 298.

The import of these deficiencies is that complete relief might not be obtained in this

action.  *See Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 258 (4th Cir. 1996); *Wugin*, 247

F.Supp.2d at 726.  If Erie prevailed here, then relief would be "complete" from its point of view.

However, if Erie were to lose, issues still to be litigated in the Oklahoma action might affect the

extent of Erie's liability.[10]  In the event of a decision against Erie in this court, the case would be

unresolved; only the Oklahoma court can resolve the entire case.  The interest in avoiding

piecemeal litigation supports the decision not to exercise jurisdiction. *See New Wellington*, 416

---

[9] Again, while it is significant that Erie could seek a resolution of this coverage dispute in the Oklahoma courts, within the context of the pending case, and with Johnna as a joined party, it is not clear that joining Johnna would be necessary, as Noel is the insured or potentially "covered party" under the policy at issue and is a named plaintiff in the Oklahoma case. Further, Erie would not have to bring a separate state declaratory judgment action, as it is already a party to the underlying suit.

[10] The court cannot assume the merits of the suit in deciding this motion.  *See Wugin*, 247 F.Supp.2d at 727.

F.3d at 298.

Further, there is evidence of the type of "procedural fencing" and forum-shopping that the fourth *Nautilus* factor seeks to discourage. Erie asserts that it is "not racing to the courthouse," pointing out that the state case was filed several weeks before they filed this federal declaratory judgment action. Erie's own arguments, however, indicate that it is hoping to "race" to a judgment in this court due to its concern about an adverse ruling in Oklahoma. Evidence that pursuit of a federal declaratory judgment is simply an effort to get issues already pending before the state court resolved first in a more favorable forum is a factor militating against exercise of jurisdiction. *See Nautilus*, 15 F.3d at 380.

## CONCLUSION

Consideration of the state's interest under the first *Nautilus* factor is, from Erie's viewpoint, inconclusive at best. Consideration of the second and third prongs, addressing whether a more efficient resolution can be obtained in state court and concerns of overlap and entanglement, suggest abstention is appropriate. Finally, the evidence of "procedural fencing" further advises abstention. The Supreme Court has counseled that a stay is better than a dismissal, because "it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton*, 515 U.S. at 288 n. 2.[11]

For the reasons stated above, the defendant's motion will be granted and the action will

---

[11] Erie has raised a jurisdictional defense in the Oklahoma action, arguing that the Oklahoma courts do not have jurisdiction over Erie. If this defense were to be successful, the case could be resumed in this court. To this point, Erie has only raised this defense in its answer in the Oklahoma action and has not pursued it by motion.

be stayed, pending resolution of the case in Oklahoma state court.

  A separate order follows.




  December 7, 2005         /s/

Date              Catherine C. Blake
                United States District Judge